UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VIRGIL LAMAR GIPSON,

Plaintiff,

v. Case No. 26-cv-1269-pp

CITY OF RACINE WISCONSIN, *et al.*,

Defendants.

---

**ORDER ADOPTING JUDGE DRIES'S REPORT AND RECOMMENDATION (DKT. NO. 8) AND DISMISSING CASE WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PAY INITIAL PARTIAL FILING FEE AND COMPLY WITH THE COURT'S ORDERS**

---

Plaintiff Virgil LaMar Gipson, who is representing himself, was incarcerated at Stanley Correctional Institution when he filed this lawsuit alleging violations of his constitutional rights. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and on July 21, 2026, Magistrate Judge Stephen C. Dries, to whom the case was assigned at the time, ordered that the plaintiff pay an initial partial filing fee of $8.62 by the end of the day on August 21, 2026, dkt. no. 5. On August 3, 2026, that order was returned to the court as undeliverable; the clerk's office re-sent it to the plaintiff at an address on Madison Street in Omro, Wisconsin that the plaintiff had provided in his complaint. Dkt. No. 1 at 5. That order has not been returned to the court and the court has no reason to think that the plaintiff did not receive it.

The August 21, 2026 deadline passed and the court did not receive from the plaintiff the $8.62 initial partial filing fee. On September 21, 2026 (well after the August 21 deadline and even allowing some additional time for the order to reach the plaintiff's alternate address), Judge Dries issued a report recommending that this Article III district court dismiss the case without prejudice because the plaintiff had not paid the initial partial filing fee. Dkt. No. 8 at 2. Judge Dries informed the plaintiff that if he wished to object to the recommendation, he must do so within fourteen days—in other words, by October 5, 2026. Id. The court mailed Judge Dries's report and recommendation to the plaintiff at the Madison Street address in Omro. Like the earlier mailings, the report and recommendation has not been returned to the court as undeliverable, so the court has no reason to think the plaintiff did not receive it. The October 5, 2026 deadline for objections has passed and the court has not received from the plaintiff any objection to Judge Dries's report and recommendation.

A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); Federal Rule of Civil Procedure 72(b)(3). When a party does not object to the recommendation, the district judge may reconsider the magistrate judge's ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A). The court has reviewed Judge Dries's report and recommendation and finds that no part of the order is

erroneous or contrary to law. The court will adopt Judge Dries's report and recommendation and dismiss this case without prejudice.

The court **ADOPTS** Judge Dries's report and recommendation, dkt. no. 8, and **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for the plaintiff's failure to pay the initial partial filing fee and to comply with the court's orders. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 16th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**